IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

SAMMY JOE ROSS,                                                                    PETITIONER

v.                                                                          No. 3:05CV113-B-A

LEPHER JENKINS, ET AL.                                                            RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the September 14, 2005, *pro se* petition of Mississippi prisoner Sammy Joe Ross for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state moved February 13, 2006, to dismiss the petition as untimely filed. The petitioner responded February 24, 2006. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed as untimely filed under 28 U.S.C. § 2244(d).

### Facts and Procedural Posture

Sammy Joe Ross was convicted of burglary in the Circuit Court of Tippah County, Mississippi. He was sentenced February 10, 1989, to serve a term of fifteen years in the custody of the Mississippi Department of Corrections. The Mississippi Supreme Court affirmed his conviction and sentence. *Ross v. State,* 603 So. 2d 857 (Miss. 1992), *reh'g denied*, July 22, 1992 (Cause No. 89-KA-00947). The petitioner did not pursue a petition for writ of *certiorari* to the United States Supreme Court. The petitioner filed an "Application For Leave To File Motion For Post-Conviction Collateral Relief" in the Mississippi Supreme Court on June 22, 2005. The application was denied by the Mississippi Supreme Court on August 4, 2005. The petitioner signed the instant petition for a writ of *habeas corpus* September 8, 2005, and the court received

it on September 14, 2005.

## Claims Under *Apprendi* and *Blakely*

The timeliness issue in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

The petitioner argues that *Blakely v. Washington*, 124 S.Ct. 2531 (2004) and *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) qualify as "intervening decisions" requiring the court to use 28 U.S.C. § 2244(d)(1)(C) in its determination of whether the instant petition was timely filed. This line of cases requires that proof of each element of a crime be submitted to a jury. However, neither *Blakely* nor *Apprendi* alter the proof required

under a habitual offender statute and therefore do not recognize a new constitutional right applicable to the petitioner's case. Indeed, the Court held specifically that proof of prior convictions need not be submitted to a jury. *Blakely*, 124 S.Ct. at 2536; *see also Apprendi*, 530 U.S. at 490. As such, the petitioner's arguments are unfounded in the law, and the limitations period began to run pursuant to the "final judgment" language of § 2244(d)(1)(A).

## Discussion

The petitioner did not pursue a petition for writ of *certiorari* in the United States Supreme Court by the deadline of ninety days from July 22, 1992, the date the Mississippi Supreme Court affirmed the petitioner's direct appeal. Rule 13(1), Rules of the United States Supreme Court (ninety-day deadline to file writ of *certiorari*). The petitioner's conviction thus became final when the time for seeking *certiorari* review expired, ninety days after the Mississippi Supreme Court affirmed the petitioner's direct appeal. *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999). Thus the petitioner's conviction became final on October 20, 1992 (July 22, 1992 + ninety days). The Antiterrorism and Effective Death Penalty Act ("AEDPA") became effective April 24, 1996 – and instituted a one-year limitations period for filing a petition for a writ of *habeas corpus* in federal court. 28 U.S.C. § 2244(d)(2). Thus, the deadline for the petitioner to have filed his federal petition was April 24, 1997. *Fierro v. Cockrell*, 294 F.3d 674, 679 (5th Cir. 2002) (deadline for petitions addressing convictions that became final prior to effective date of AEDPA is April 24, 1997). While this period of limitation can be tolled during the pendency of state post-conviction proceedings, 28 U.S.C. § 2244(d)(2), the petitioner did not initiate such proceedings until June 22, 2005 – 2,981 days after that deadline. Obviously, a state post-conviction proceeding cannot toll a limitations period long expired. The petitioner thus cannot

invoke statutory tolling to argue that the instant petition was timely filed.

Under the "mailbox rule," the petitioner's *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date that he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). Therefore, the instant petition was filed sometime between the date it was signed on September 8, 2005, and the date it was received and stamped as "filed" in the district court on September 14, 2005. Giving the petitioner the benefit of the doubt by using the earlier filing date, the petition was nevertheless filed 3,059 days after the April 24, 1997, federal deadline. The petitioner does not cite any rare and exceptional circumstance to warrant equitable tolling. *Ott v. Johnson*, 192 F.3d 510, 513-14 (5th Cir. 1999). As such, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 1st day of August, 2006.

/s/ Neal Biggers

NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE